David M. Goodrich (CA Bar No. 208675)
  *dgoodrich@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
  *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California  90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Special Litigation Counsel for Lynda T. Bui,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>WOORI THE WINNERS, INC.,<br><br>Debtor.<br><hr>LYNDA T. BUI, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>CHI MING FAN, an individual,<br><br>Defendant. | Case No. 8:13-bk-11634-SC<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551**<br><br><u>Status Conference</u>:<br><br>Date:   {To Be Set By Court}<br>Time:   {To Be Set By Court}<br>Place:  Courtroom 5C<br>        411 W. Fourth St.<br>        Santa Ana, CA 92701 |

For her Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547(B), 550 And 551 (the "<u>Complaint</u>"), against Chi Ming Fan ("<u>Defendant</u>"), Lynda T. Bui, the duly appointed and acting Chapter 7 Trustee of the estate of Woori The Winners, Inc. ("<u>Trustee</u>" or <u>Plaintiff</u>"), hereby alleges as follows:

**REQUIRED PLEADING DISCLOSURE**

1.  In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core

1  proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of Woori The Winners, Inc. (the "Debtor").  Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

2.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a civil proceeding arising in and/or related to the Debtor's Chapter 7 case, styled *In re Woori The Winners, Inc.* (Case No. 8:13-bk-11634-SC) currently pending in the Santa Ana Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court")  Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3.  The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F) and (H).

4.  On February 22, 2013 (the "Petition Date"), an involuntary petition under Chapter 7 of Title 11 of the United States Code was filed against the Debtor.

5.  On June 17, 2013, the Bankruptcy Court entered an order [Docket No. 39] appointing the Trustee as the chapter 7 trustee of the Debtor's estate (the "Estate").

6.  On June 20, 2013, the Bankruptcy Court issued an order for relief against the Debtor [Docket No. 55].

**PARTIES**

7.  Plaintiff is the Trustee of the Debtor's estate, and brings this action for the benefit of the Estate and its creditors.  To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in these cases one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the

respective transfers or obligations under California or other applicable law before the Debtor's petition was filed.

8. Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in the State of California. At all relevant times, Defendant was an entity for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. The Debtor is a Korean supermarket chain that formerly operated in two locations – Tustin and Cerritos, California. The Debtor at one point employed more than 70 employees.

10. Prior to the Petition Date, the Debtor fell behind on payments to numerous creditors.

11. On February 22, 2013, three of the Debtor's creditors – Town Provision, Khee Trading, and Rom America (the "Petitioning Creditors") – filed an involuntary petition against the Debtor. Subsequently, on March 26, 2013, another creditor, Shun Lung, joined the involuntary petition.

12. On March 20, 2013, the Petitioning Creditors filed in the Debtor's bankruptcy case a "Case Status Report" [Docket No. 5] (the "Status Report").

13. The Status Report stated, among other things, that "Petitioning Creditors are among the many creditors of the Alleged Debtor who have not been paid on their bills, despite repeated demands and invoicing to the Alleged Debtor."

14. The Status Report further stated that "Further, there have been alleged significant preferential transfers to insiders within the previous year that may best be dealt with in the Bankruptcy Court."

15. In the 90-day period prior to the Petition Date, the Debtor did not have sufficient funds to pay all of its debts, and fell behind on its payments to creditors.

16. During this time period, many of the Debtor's creditors contacted the Debtor and demanded that their bills be paid.

17. In the 90-day period prior to the Petition Date, Eunice Lee, who was employed by the Debtor and headed the Debtor's accounts payable department, informed the Debtor's CEO, Mr. Im, of all of the Debtor's unpaid invoices.

18. In the 90-day period prior to the Petition Date, Mr. Im instructed Ms. Lee to not pay any of the Debtor's creditors without his instruction.

19. In the 90-day period prior to the Petition Date, Mr. Im instructed Ms. Lee to pay certain of the Debtor's creditors, but not all of them.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

20. Plaintiff is informed and believes and on that basis alleges, that the Debtor made transfers of property in the form of payments to the Defendant during the 90 day period prior to the Petition Date in the total aggregate amount of $ 87,330.25 (the "Preferential Transfers").  Attached hereto as **Exhibit "1"** is a chart identifying the Preferential Transfers made to Defendant.  These transfers were made by check written by the Debtor in favor of the Defendant, and the date of each check and the amount of each check is identified on Exhibit 1.

## FIRST CLAIM FOR RELIEF

**(Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))**

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 as though set forth in full.

22. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made to Defendant for the benefit of Defendant, who was a creditor of the Debtor at the time of the respective transfers as that term is defined by 11 U.S.C. § 101(10).

23. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were transfers of interests of the Debtor in property.

24. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Preferential Transfers were made.

25. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made while the Debtor was insolvent.

26. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

27. Interest on the Preferential Transfers has accrued and continues to accrue from the date each of the Preferential Transfers was made.

28. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfers are avoided.

## SECOND CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 as though set forth in full.

30. As alleged herein, Plaintiff is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Preferential Transfers, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (For Preservation Of Avoided Transfer Pursuant To U.S.C. § 551)

31. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full.

32. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfers, for the benefit of the Estate.

///
///
///

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Preferential Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b);

### ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the Estate is entitled to recover the Preferential Transfers or the value thereof under 11 U.S.C. § 550;

### ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Preferential Transfers, for the benefit of the Estate;

### ON ALL CLAIMS FOR RELIEF

4. For interest as permitted by law from the date of the transfers;

5. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

DATED: February 19, 2015           Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By:  */s/ Steven F. Werth*
David M. Goodrich
Steven F. Werth
Attorneys for Lynda T. Bui, Chapter 7 Trustee

SWERTH\ 2433706.1                6

# **EXHIBIT "1"**

| Check Date | Amount |
|---|---|
| 12/03/2012 | $27,300.00 |
| 01/15/2013 | $27,300.00 |
| 02/04/2013 | $6,730.25 |
| 02/15/2013 | $26,000.00 |
| **Total** | **$87,330.25** |

SWERTH\ 2433706.1                              7

FORM B104 (08/07)     2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LYNDA T. BUI, Chapter 7 Trustee | **DEFENDANTS**<br>CHI MING FAN, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>David M. Goodrich (CA Bar No. 208675)  dgoodrich@sulmeyerlaw.com<br>Steven F. Werth (CA Bar No. 205434)  swerth@sulmeyerlaw.com<br>SulmeyerKupetz, A Professional Corporation<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, California  90071-1406<br>Telephone: 213.626.2311; Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint   Demand $ 87,330.25

ALS\ 2443994.1

| Other Relief Sought |
|---|
|  |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Woori The Winners, Inc. ||| **BANKRUPTCY CASE NO.** <br> 8:13-bk-11634-SC |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District || **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Hon. Scott C. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
|  |  |  |  |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
|  |  |  |  |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Steven F. Werth ||||
| **DATE** <br> February 19, 2015 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Steven F. Werth, Esq. <br> **Sulmeyer**Kupetz, A Professional Corporation ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

ALS\ 2443994.1